## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK D. WAGNER,      )
     )
    Plaintiff,      )
     )    Civil Action No. 13-cv-00801
    v.      )
     )    Judge Mark R. Hornak
UNEMPLOYMENT COMPENSATION      )
BOARD OF REVIEW,      )
     )
    Defendant.      )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff has filed this *pro se* action against the Pennsylvania Unemployment Compensation Board of Review. It is styled a "Rule 60 Motion for Relief from Judgment", and seems to seek one or both of the following- -that this Court review and reverse a decision of the Pennsylvania Supreme Court to not exercise appellate review of his appeal from an adverse decision of the Pennsylvania Commonwealth Court, and/or that this Court reverse an order of the Defendant which denied him unemployment compensation ("UC") benefits under Pennsylvania state law. ECF No. 1-1.

Plaintiff was previously granted permission to proceed *in forma pauperis* in this Court. Because the Plaintiff's papers[1], even when read in a light most favorable to him, do not state a plausible claim for relief available in this Court, and in this Court's judgment, any amendment would be fruitless, the action is dismissed with prejudice.

---

[1] Federal Rule of Civil Procedure 60 has no application here. The Court will treat the Plaintiff's filing as a "Complaint", as it is the initial document filed in this Court seeking to invoke the Court's jurisdiction and seeking affirmative judicial relief.

Because the Plaintiff proceeds *in forma pauperis*, this Court is obligated to promptly consider the Complaint to determine whether it states a plausible claim for relief, *see Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 114, n. 19 (3d Cir. 2002), and to dismiss it if it fails to do so. 28 U.S.C. § 1915(e)(2). Because this is arguably a civil rights case, the Court should dismiss with prejudice only if the Complaint is not amenable to a valid, non-futile amendment. 293 F.3d at 108-09; *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

The core of the Plaintiff's Complaint is that he briefly worked part-time at a Sears store in 2011. He left that employment. He says that he had a good reason for doing so under Pennsylvania law, one which would not disqualify him for unemployment benefits, namely that he left employment because his hours and hourly wages were reduced. He asserts that he had an unemployment compensation hearing before a state UC Referee, and at that hearing, his former boss lied about his reduced work schedule, and that he was then denied UC benefits. Plaintiff says that he has "after acquired evidence" of Sears' presenting false information about his work schedule at that Referee's hearing. He admits that he appealed the Referee's ruling to the Pennsylvania Unemployment Board of Review, where he lost when the Referee's decision denying benefits was affirmed. He then took his case up to the Commonwealth Court of Pennsylvania, which also affirmed the denial of his UC benefits. He then petitioned the Supreme Court of Pennsylvania for allowance of appeal, making the same arguments he makes here. That petition was allegedly denied by that court on May 13, 2013.

This Court, of course, has no power to sit as an appeals court over the decisions of the either the Pennsylvania Commonwealth Court, or the Pennsylvania Supreme Court, and certainly not in these circumstances. To the extent there is a substantial issue of federal law involved, the

Plaintiff's next stop is the United States Supreme Court on a writ of certiorari, 28 U.S.C. § 1257. Further, as a United States District Court, this Court is generally powerless to review, *de novo* or as an appellate tribunal, the decisions of the state courts when the case brought here seeks to review and reject a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280 (2005). This is the classic case of a loser in state court complaining of injuries inflicted by one or more state court judgments, all rendered before proceedings began in this Court, and inviting this Court to review and reject those state court judgments. *Id.* at 291-92. No matter how narrow the limitations on this Court's power as set forth in *Exxon* may be, *see Lance v. Dennis,* 546 U.S. 459, 465-66 (2006), this case fits within those limitations. Thus, this Court simply lacks the power to sit in review of the state tribunal decisions of which Plaintiff complains, and no amendment to his pleading can remedy that.

Further, it would also appear to this Court that the Plaintiff's pleading does not set forth any set of facts that would state, under the most generous of interpretations, a claim for relief under the Constitution or laws of the United States. Read most charitably to him, the Plaintiff's claim is that the fact finding process in the state administrative UC process came down adverse to him, he failed to carry the day on administrative appeal to the Defendant, he lost again in the Commonwealth Court, and then the state Supreme Court would not take up his case on discretionary review.

Plaintiff does not assert, and cannot assert given his allegations, that there was a lack of any state process for the presentation of his points to the state courts, or that he was prevented from invoking the state court appeals system at all. In point of fact, his pleading affirmatively recites how he has robustly invoked those very processes, albeit unsuccessfully. Thus, this Court can discern no basis, now or after a potential amendment, that would support any claim under the

Fourteenth Amendment to the Constitution, or any provision of the Bill of Rights incorporated into it. The Court is also wholly unaware of any federal statute or treaty that would support a claim by Plaintiff in the context alleged.

For these reasons, and exercising its responsibility under 28 U.S.C. § 1915(e)(2), this Court concludes that the pleading filed by the Plaintiff, treated as a Complaint, fails to plausibly state a claim for relief in this Court, that this Court lacks jurisdiction to adjudicate his claims to the extent they seek (explicitly or implicitly) the review or rejection of the decisions or judgments of the Pennsylvania state courts, and that such flaws are fatal to the Plaintiff's claims, now or after any possible amendment[2].

For these reasons, this civil action is dismissed with prejudice.

Mark R. Hornak
United States District Judge

Dated: June 19, 2013

cc:     All counsel of record

---

[2] Given these multiple grounds for dismissal of the action, the Court need not address the potentially thornier issues of the application of the Eleventh Amendment to this action, the doctrine of sovereign immunity, or the involvement of any one or more of the many flavors of the abstention doctrine that may be applicable in this case.